**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> FRANK NELSON, <br><br> Defendant. | No. 12-CR-2024-LRR <br><br> **ORDER** |

_____

*TABLE OF CONTENTS*

*I.    INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

*II.   PROCEDURAL HISTORY* . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*III.  RELEVANT FACTUAL BACKGROUND* . . . . . . . . . . . . . . . . *3*

*IV.   STANDARD OF REVIEW* . . . . . . . . . . . . . . . . . . . . . . . . . *3*

*V.    ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*

    *A.    Sufficiency of Warnings* . . . . . . . . . . . . . . . . . . . . . . . *4*
        *1.    Defendant's arguments* . . . . . . . . . . . . . . . . . . . . . *4*
        *2.    Applicable law* . . . . . . . . . . . . . . . . . . . . . . . . . *5*
        *3.    Discussion* . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*
    *B.    Waiver of Rights* . . . . . . . . . . . . . . . . . . . . . . . . . . *9*
        *1.    Defendant's arguments* . . . . . . . . . . . . . . . . . . . . . *9*
        *2.    Applicable law* . . . . . . . . . . . . . . . . . . . . . . . . . *9*
        *3.    Discussion* . . . . . . . . . . . . . . . . . . . . . . . . . . *10*

*VI.   CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *11*

*I. INTRODUCTION*

The matter before the court is Defendant Frank Nelson's Objections (docket no. 198) to United States Magistrate Judge Jon S. Scoles's Report and Recommendation (docket no. 188), which recommends that the court deny Defendant's "Motion to

Suppress" ("Motion") (docket no. 159) and "Amended Motion to Suppress" ("Amended Motion") (docket no. 167).

## II. PROCEDURAL HISTORY

On August 22, 2012, the government filed an Indictment (docket no. 15) against Defendant and thirteen others. Count 1 of the Indictment charges Defendant with conspiring to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846.

On February 4, 2013, Defendant filed the Motion, in which he argues that he did not voluntarily, knowingly and intelligently waive his *Miranda*[1] rights on September 5, 2012, because he was under the influence of heroin and, therefore, the court should suppress the statements he made on that date. On February 15, 2013, the government filed a Resistance (docket no. 164). On February 19, 2013, Judge Scoles held a hearing on the Motion. *See* Minute Entry (docket no. 166). Defendant appeared in court with his attorney, Mark C. Meyer. Assistant United States Attorney Lisa C. Williams represented the government. On that same date, Defendant filed the Amended Motion, in which he argues that Drug Enforcement Agency Task Force Officer ("TFO") Bryan Furman failed to sufficiently notify Defendant of his *Miranda* rights on September 5, 2012, and, therefore, the court should suppress Defendant's September 5, 2012 statements. Also on February 19, 2013, the government filed a Supplemental Brief (docket no. 168) regarding the Amended Motion, to which Defendant filed a Reply (docket no. 169). On February 22, 2013, Judge Scoles issued the Report and Recommendation, which recommends that the court deny the Motion and the Amended Motion. On February 25, 2013, Defendant filed his Objections. The matter is fully submitted and ready for decision.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

## III. RELEVANT FACTUAL BACKGROUND[2]

On September 5, 2012, Defendant was arrested on Count 1 of the Indictment and transported to the Black Hawk County Jail. There, TFO Furman questioned Defendant. The seventeen-minute interview was audio recorded. At the beginning of the interview, TFO Furman advised Defendant of his *Miranda* rights, stating:

> Are you familiar with your rights? You have the right to remain silent. Anything you say can and will be used against you. You have a right to an attorney. If you can't afford one, the court will give you one. And if we start talking you can stop talking at any time.

Report and Recommendation at 3. Before beginning the questioning, TFO Furman stated, "Okay, we can start, and if you want to stop at any time, that's up to you. Sound good?" *Id*. at 4. TFO Furman then proceeded to ask Defendant questions, which Defendant answered. During the interview, Defendant admitted to using two to three bags of heroin a day and that he had used heroin that morning. On the audio recording, Defendant's speech is often quiet, mumbled and difficult to understand. TFO Furman testified that Defendant maintained eye contact throughout the conversation, made nonverbal cues that he understood the questions and responded to the questioning.

## IV. STANDARD OF REVIEW

When a party files a timely objection to a magistrate judge's report and recommendation, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The

---

[2] In his Objections, Defendant contends that Judge Scoles failed to include relevant facts in the Report and Recommendation. After listening to the audio recording of the September 5, 2012 interview and reviewing the transcript of the February 19, 2013 hearing, the court adopts the factual summary in the Report and Recommendation. The court shall provide only a brief overview here.

district judge must consider de novo any objection to the magistrate judge's recommendation."); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."). It is reversible error for a district court to fail to engage in a de novo review of a magistrate judge's report when such review is required. *Lothridge*, 324 F.3d at 600. Accordingly, the court reviews the disputed portions of the Report and Recommendation de novo.

## V. ANALYSIS

Defendant objects to Judge Scoles's finding that TFO Furman's warnings to Defendant satisfied *Miranda*. Defendant also objects to Judge Scoles's finding that Defendant voluntarily, knowingly and intelligently waived his *Miranda* rights prior to making statements to law enforcement. Having conducted the required de novo review of the objected-to portions of the Report and Recommendation, the court deems it appropriate to overrule Defendant's Objections and adopt the Report and Recommendation for the reasons discussed below.

### A. Sufficiency of Warnings

#### 1. Defendant's arguments

Defendant first objects to Judge Scoles's finding that TFO Furman adequately advised Defendant of his *Miranda* rights. Defendant argues that under *Miranda*, a law enforcement officer must explicitly advise a defendant of his or her right to the presence of an attorney before and during interrogation and, thus, TFO Furman's general warning of the right to an attorney is inadequate. Defendant acknowledges that, in *United States v. Caldwell*, 954 F.2d 496 (8th Cir. 1992), the Eighth Circuit Court of Appeals held that

4

a warning nearly identical to the warning TFO Furman gave did not amount to plain error. However, Defendant asserts that *Caldwell* is not controlling because the Eighth Circuit decided *Caldwell* under a plain error standard of review. Furthermore, Defendant asserts that the United States Supreme Court's ruling in *Florida v. Powell*, 559 U.S. 50, 130 S. Ct. 1195 (2010), calls into question the Eighth Circuit's holding in *Caldwell* because *Powell*'s "insistence that an individual be clearly informed that he has [the] right to consult with a lawyer, 'and [to] have the lawyer with him during interrogation,' at a minimum suggests that *Caldwell* must be limited to its facts." Brief in Support of Amended Motion (docket no. 167-1) at 2 (quoting *Powell*, 559 U.S. at ___, 130 S.Ct. 1203).

   2.   *Applicable law*

In *Miranda*, the Supreme Court held that when a defendant is taken into custody, "[p]rior to any questioning, [the defendant] must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." 384 U.S. at 444. However, the Supreme Court "has never indicated that the 'rigidity' of *Miranda* extends to the precise formulation of the warnings given a criminal defendant." *California v. Prysock*, 453 U.S. 355, 359 (1981) (citing *United States v. Lamia*, 429 F.2d 373, 375-76 (2d Cir. 1970)). "*Miranda* itself indicated that no talismanic incantation was required to satisfy its strictures." *Id.* Rather, *Miranda* is satisfied if the "warnings reasonably 'convey to a suspect his rights as required by *Miranda*.'" *Powell*, 559 U.S. at ___, 130 S. Ct. at 1204 (alterations omitted) (quoting *Duckworth v. Eagan*, 492 U.S. 195, 203 (1989)).

The Eighth Circuit "has not strictly required that a defendant be *explicitly* advised of his right to an attorney *before and during questioning*." *Caldwell*, 954 F.2d at 502 (emphasis added) (noting a circuit split on this issue). In *Caldwell*, the defendant argued that the general warning that he had the right to an attorney was inadequate because it

5

"failed to specifically warn him of his right to counsel before and during the interrogation." *Id*. Because the defendant failed to properly preserve this argument for appeal, the Eighth Circuit decided the issue under a plain error standard of review. *Id*. at 500. In arriving at its decision, the Eighth Circuit analyzed Supreme Court precedent and found *Caldwell* distinguishable: "the warning in this case does not suffer from the inadequacy discussed in both *Duckworth* and *Prysock*, namely, linking the right to appointed counsel to a future point in time after interrogation." *Id*. at 502. The Eighth Circuit held that "the warning provided does not rise to the level of plain error" and cited several supporting cases from other circuits, including *Lamia*. *Id*. at 503.

The Second, Third, Fourth and Seventh Circuit Courts of Appeals have reached similar conclusions. *See United States v. Warren*, 642 F.3d 182, 185 (3d Cir. 2011) (holding that a general warning of the right to an attorney, without an express warning of the right to the presence of an attorney during the interrogation, satisfied *Miranda*); United States v. Frankson, 83 F.3d 79, 82 (4th Cir. 1996) (holding that the statement, "'[y]ou have the right to an attorney' . . . communicated to [the defendant] that his right to an attorney began immediately and continued forward in time without qualification'") (first alteration in original); *United States v. Adams*, 484 F.2d 357, 361-62 (7th Cir. 1973) (holding that an officer's warnings that the defendant had "'the right to remain silent, right to counsel, and if [he did not have] funds to have counsel, that the court will see that [he was] properly defended'" satisfied *Miranda*); *Lamia*, 429 F.2d at (holding that a general warning of the right to an attorney adequately conveyed the defendant's *Miranda* rights).

For instance, in *Lamia*, law enforcement officials advised the defendant that "'he need not make any statement to [the officials] at that time, that any statement he would make could be used against him in court; he had a right to an attorney, if he wasn't able to afford an attorney, an attorney would be appointed by the court.'" 429 F.2d at 374-75. The defendant argued that the warning failed to inform him of his right to the presence of

an attorney. *Id*. at 376. The Second Circuit held:

> [The defendant] had been told without qualification that he had the right to an attorney and that one would be appointed if he could not afford one. Viewing this statement in context, [the defendant] having just been informed that he did not have to make any statement to the agents . . . , [the defendant] was effectively warned that he need not make any statement until he had the advice of an attorney.

*Id*. at 376-77. Hence, the Second Circuit found that "the substance of the required warnings was given." *Id.* at 377.

Similarly, in *Warren*, the Third Circuit held that an unqualified warning of the right to an attorney, without an express warning of the right to the presence of an attorney during the interrogation, satisfied *Miranda*. 642 F.3d at 186-87. The Third Circuit found that "it cannot be said that the *Miranda* court regarded an express reference to the temporal durability of [the right to an attorney] as elemental to a valid warning." *Id*. at 185.

    *3.*    *Discussion*

After conducting a de novo review, the court agrees with Judge Scoles's finding that TFO Furman's warnings sufficiently conveyed Defendant's *Miranda* rights. Defendant argues that a general warning of the right to an attorney, without any reference to when a defendant may exercise such right, does not reasonably convey the rights enumerated in *Miranda*. However, the Eighth Circuit has considered this issue and stated that "[the Eighth Circuit] has not strictly required that a defendant be explicitly advised of his right to an attorney before and during questioning." *Caldwell*, 954 F.2d at 502. Regardless of whether *Caldwell* controls in light of the fact that the Eighth Circuit used a plain error standard of review, the court finds the Eighth Circuit's analysis instructive.

In addition, contrary to Defendant's assertions, the court finds that *Powell* does not apply to the facts of this case. In *Powell*, law enforcement officials told the defendant that he had "'the right to talk to a lawyer before answering any of [their] questions.'" *Powell*,

559 U.S. at ___, 130 S. Ct. at 1204 (alteration in original). The defendant argued that this language was misleading because it communicated that he had access to counsel only before the interrogation and not during. *Id.* at 1205. The Supreme Court held that, when considered in context with the additional warnings given, the warnings "reasonably conveyed [the defendant's] right to have an attorney present, not only at the outset of interrogation, but at all times." *Id.* at 1204-05. Unlike in *Powell*, Defendant does not argue that TFO Furman's warnings were misleading or restrictive and because the Supreme Court did not address the sufficiency of an unqualified warning that defendant has the right to counsel, *Powell* does not alter the court's conclusion.

When considering whether a general, unqualified warning of the right to an attorney satisfies *Miranda*, the court is persuaded by the reasoning in *Caldwell*, *Lamia* and *Warren*. TFO Furman informed Defendant that he had the right to an attorney after warning Defendant that he had the right to remain silent and that anything Defendant said could be used against him. TFO Furman also cautioned Defendant that he could end the interview at any time if he wished. When viewing these warnings in their entirety, TFO Furman communicated to Defendant that his right to an attorney began immediately and continued throughout the interview, as did his right to remain silent and to end the interview. Thus, the court finds that TFO Furman's warnings reasonably conveyed Defendant's *Miranda* rights. Accordingly, the court shall overrule Defendant's objections to Judge Scoles's finding that Defendant was adequately advised of his *Miranda* rights.[3]

---

[3] The court notes that while the warnings, "[t]aken as a whole, . . . reasonably convey[ed] the substance of the rights expressed in *Miranda*," *Warren*, 642 F.3d at 187, they are not as explicit as they could be. "[C]onsidering the resources that have been expended to consider a claim that could have been preempted with minimal care and effort," *id.*, the court encourages law enforcement officials to err on the side of thoroughness when reciting a defendant's *Miranda* rights.

### B. Waiver of Rights

#### 1. Defendant's arguments

Defendant next objects to Judge Scoles's finding that Defendant voluntarily, knowingly and intelligently waived his *Miranda* rights on September 5, 2012. In his Objections, Defendant urges the court to find that his waiver was not knowing and voluntary because he was under the influence of heroin at the time of the questioning, he did not make an audible response acknowledging TFO Furman's warnings and TFO Furman's partner had a conversation on the phone while TFO Furman recited the warnings to Defendant.

#### 2. Applicable law

"There are 'two distinct dimensions' to the inquiry [of] whether a suspect's waiver of his *Miranda* rights was voluntary, knowing, and intelligent." *United States v. Vinton*, 631 F.3d 476, 483 (8th Cir. 2011) (quoting *Moran v. Burbine*, 475 U.S. 412, 421 (1986)). "First, the waiver 'must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception.'" *Id.* (quoting *Moran*, 475 U.S. at 421); *accord United States v. Phillips*, 506 F.3d 685, 687 (8th Cir. 2007). "Second, the suspect must have waived his rights 'with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.'" *Vinton*, 631 F.3d at 483 (quoting *Moran*, 475 U.S. at 421); *accord Phillips*, 506 F.3d at 687.

"In order to determine whether a confession was voluntary, [the court] look[s] to the 'totality of the circumstances and must determine whether the individual's will was overborne.'" *United States v. Gaddy*, 532 F.3d 783, 788 (8th Cir. 2008) (quoting *United States v. Castro-Higuero*, 473 F.3d 880, 886 (8th Cir. 2007)). "The two factors that must be considered in applying the 'overborne will' doctrine are 'the conduct of the law enforcement officials and the capacity of the suspect to resist pressure to confess.'" *United*

*States v. Meirovitz*, 918 F.2d 1376, 1379 (8th Cir. 1990) (quoting *United States v. Jorgensen*, 871 F.2d 725, 729 (8th Cir. 1989)). "Intoxication and fatigue do not automatically render a confession involuntary . . . ." *United States v. Casal*, 915 F.2d 1225, 1229 (8th Cir. 1990). "Rather, [the defendant] must show his intoxication caused his will to be overborne." *United States v. Howard*, 532 F.3d 755, 763 (8th Cir. 2008) (emphasis omitted).

### 3. *Discussion*

After conducting a de novo review, the court agrees with Judge Scoles's finding that Defendant voluntarily, knowingly and intelligently waived his *Miranda* rights. In the Report and Recommendation, Judge Scoles finds that Defendant "was questioned briefly in a non-threatening manner" and that TFO Furman's interrogation was "not of such a nature or duration as to constitute 'coercive activity,' or to cause Defendant's will to be overborne." Report and Recommendation at 10-11. The record reflects that Defendant had previous experience with law enforcement and that TFO Furman questioned Defendant after notifying him of his rights. Indeed, twice before beginning the interrogation, TFO Furman reassured Defendant that he could stop talking and end the conversation at any time.

Regarding Defendant's lack of audible response to TFO Furman's warnings and to the possible distraction of the partner's phone conversation, TFO Furman credibly testified that Defendant communicated nonverbal cues signaling that Defendant understood his rights. Furthermore, TFO Furman's recitation of the warnings can be clearly heard on the audio recording and there is no indication that Defendant did not hear and understand the warnings. TFO Furman also credibly testified that throughout the conversation, Defendant maintained eye contact and appeared to understand the questions. In the Report and Recommendation, Judge Scoles correctly notes that "[w]hile Defendant spoke slowly and softly [throughout the interview], his answers were responsive to the questions." *Id.* at 11;

*see United States v. Byrne*, 83 F.3d 984, 989 (8th Cir. 1996) (holding that a defendant voluntarily waived her rights, even though she was under the influence of methadone, when she was "coherent, composed and cooperative, although somewhat subdued, during the interrogation" and where there was no coercive police behavior).

Furthermore, Defendant puts forth no evidence to show that his will was overborne. Even if the court were to take judicial notice of the materials regarding the effects of heroin Defendant provided, this general information regarding the effects that "can" occur as a result of heroin use is insufficient to show that Defendant's use of heroin on the morning of September 5, 2012 caused Defendant to lose his capacity to resist answering TFO Furman's questions over the course of the seventeen-minute interview. For these reasons and the reasons more fully stated in the Report and Recommendation, the court finds that, based on the totality of the circumstances, Defendant's will was not overborne. Thus, the court finds that Defendant voluntarily, knowingly and intelligently waived his *Miranda* rights.

## VI. CONCLUSION

In light of the foregoing, **IT IS HEREBY ORDERED**:

(1) The Objections (docket no. 198) are **OVERRULED**;

(2) The Report and Recommendation (docket no. 188) is **ADOPTED**; and

(3) The Motion (docket no. 159) and Amended Motion (docket no. 167) are **DENIED**.

**DATED** this 7th day of May, 2013.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA